# In the United States Court of Federal Claims

No. 13-164C
Filed: June 7, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
NEIE, INC.,                              \*
                                         \*
    Plaintiff,                         \*
                                         \*   Amended Complaint, RCFC 15(a)(2);
v.                                       \*   Standard of Review For Violations of Federal
                                         \*      Acquisition Regulations.
THE UNITED STATES,                       \*
                                         \*
    Defendant.                         \*
                                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER**

On May 14, 2013, NEIE, Inc. ("NEIE") filed a Motion For Leave To File [An] Amended Complaint ("Pl. Mot."), pursuant to RCFC 15(a)(2), and a proposed Amended Complaint ("Prop. Compl."). On May 15, 2013, the Government filed a Response ("Gov't Resp."), arguing that the additional claims were untimely and futile. Gov't Resp. at 3-4. On May 22, 2013, Plaintiff filed a Reply ("Pl. Reply").

It is well established that, absent any reason, such as "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party [or] . . . futility of amendment," leave to amend should be freely given. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* RCFC 15(a)(2) ("The court should freely give leave when justice so requires.").

The Government argues that, because the new additional claims are based on the same facts as the claims in NEIE's initial March 5, 2013 Complaint, they are untimely and NEIE should not have taken two months to decide to amend. In addition, the new claims are futile, because NEIE will not be able to meet the required evidentiary standard.

The Government's objections are misplaced. First, taking two months to amend is not undue delay, particularly where discovery is not complete. *See Cooke v. United States*, 79 Fed. Cl. 741, 742 (2007) (granting plaintiff's motion to amend, because a short delay, alone, was not prejudicial). Second, claims need only be plausible at the pleading stage to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (requiring only that a pleaded claim be plausible); *see also Kam-Almaz v. United States*, 682 F.3d 1364, 1367 (Fed. Cir. 2012) (applying the *Twombly* standard). Moreover, NEIE's new Federal Acquisition Regulation claims allege violations of the law and do not need to meet the "clear and convincing evidence" standard. *See* Prop. Compl. ¶¶ 63-86 (alleging violations *of* 48 C.F.R. §§ 1.602-2(b), 3.101-1,

15.305); *see also* 28 U.S.C. § 1491(b)(4) ("In any action under this subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5.")

For these reasons, Plaintiff's May 14, 2013 Motion For Leave To File An Amended Complaint is granted.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**